# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRANCE DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-419-SMY |
| | ) | |
| JOHN DOE #1, | ) | |
| JOHN DOE #2, | ) | |
| JOHN DOE #3, | ) | |
| JOHN DOE #4, | ) | |
| JOHN DOE #5, | ) | |
| and JOHN DOE #6, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terrance Daugherty, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at East Moline Correctional Center ("East Moline"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that a correctional officer at Lawrence Correctional Center ("Lawrence") sexually assaulted him. He asserts claims against the defendants under the Eighth and First Amendments. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Upon Plaintiff's arrival at Lawrence Correctional Center on September 13, 2017, John Doe #1 took Plaintiff to the healthcare unit bathroom and sexually assaulted him. (Doc. 1, pp. 9-10). He made Plaintiff disrobe and he fondled Plaintiff's genitals. (*Id*.). John Doe #1 told Plaintiff he was angry that Plaintiff had a sexual affair with a teacher at Big Muddy Correctional Center and that he was assaulting him in retaliation for a complaint he filed against officers at that prison. (*Id*. at pp. 10, 15).

John Doe #2 walked in on John Doe #1 and Plaintiff during the assault. John Doe #2 told Plaintiff "don't you even think about it!" (Doc. 1, p. 12). John Doe #4 aided and assisted John Doe #1 in covering up the incident by threatening Plaintiff and a nurse that witnessed the assault. (Doc. 1, p. 12-13). John Doe #5 and John Doe #1's supervisor should have foreseen John Doe #1's actions but failed to do so and failed to discipline John Doe #1 prior to the September 13, 2017 event. (*Id*. at p. 14). John Doe #5 also threatened Plaintiff in the healthcare unit.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

>    **Count 1:**   **John Doe #1 subjected Plaintiff to cruel and unusual punishment under the Eighth Amendment when he sexually assaulted Plaintiff on September 13, 2017.**
>
>    **Count 2:**   **John Doe #1 committed a battery under Illinois state law on September 13, 2017 when he sexually assaulted Plaintiff.**
>
>    **Count 3:**   **John Doe #1 retaliated against Plaintiff in violation of the First Amendment when he sexually assaulted Plaintiff in retaliation for Plaintiff filing a lawsuit against correctional officers at Big Muddy Correctional Center.**

> **Count 4:** John Doe #2, John Doe #4, and John Doe #5 were deliberately indifferent under the Eighth Amendment when they covered up the sexual assault on Plaintiff.
>
> **Count 5:** John Doe #5 was deliberately indifferent under the Eighth Amendment when he failed to foresee the assault and discipline John Doe #1 prior to the assault.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Discussion

### Preliminary Dismissals

Although John Doe #3 is listed in the case as a supervisory official and correctional officer (Doc. 1, pp. 2-3), there are no allegations in the body of the Complaint as to John Doe #3. Accordingly, John Doe #3 is **DISMISSED without prejudice** for failure to state a claim. The case docket also lists John Doe #6, but no such defendant is identified in the Complaint. As such, John Doe #6 is also **DISMISSED without prejudice** for failure to state a claim.

### Count 1

Allegations of sexual misconduct, particularly where the sexual misconduct is designed to humiliate and demean, state a claim for relief under the Eighth Amendment. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003); *see also Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (verbal harassment, coupled with other instances of sexual harassment stated an Eighth Amendment claim); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("A sexual assault

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

on an inmate by a guard…is deeply offensive to human dignity"). The allegations are sufficient to state a Eighth Amendment claim against John Doe #1 for sexually assaulting Plaintiff.

**Count 2**

Plaintiff also states a battery claim against John Doe #1 under Illinois state law. *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001); *Welton v. Ambrose*, 814 N.E.2d 970, 979 (Ill. App. 2004).

**Count 3**

Plaintiff's allegations are sufficient to state a viable retaliation claim against John Doe #1 for sexually assaulting him in retaliation for pursuing a lawsuit against officials at Big Muddy. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted)). *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation and internal quotations omitted)("A complaint states a claim for retaliation when it sets forth a chronology of events from which retaliation may plausibly be inferred.").

**Count 4**

Plaintiff states a colorable Eighth Amendment claim against John Doe #2 and John Doe #4. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (*citing Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation omitted)); Farmer v. Brennan, 511 U.S. 825, 847 (1994). Plaintiff alleges that John Doe #2 walked in on Plaintiff and John Doe #1 during the sexual assault and did nothing, instead instructing Plaintiff not to even think about it. (Doc. 1, p. 12). He also alleges that John Doe #4 assisted in covering up the assault by choking and threatening a nurse that was in the healthcare unit at the time of the assault, instructing the nurse not to talk about the sexual assault. (Doc. 1, p. 13). These allegations are sufficient to state a claim against John Doe #2 and John Doe

#4 at this time. *Borello v. Allison,* 446 F.3d 742, 747 (7th Cir.2006) (Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted).

Although Plaintiff identifies John Doe #5 as another guard who threatened him, he does not indicate how the guard threatened him or aided in the cover-up. Because there are no specific allegations as to John Doe #5, he is **DISMISSED without prejudice** from Count 4 for failure to state a claim.

### Count 5

Plaintiff alleges that as John Doe #1's supervisor, John Doe #5 should have foreseen that John Doe #1 was likely to sexually assault Plaintiff. He also alleges that John Doe #5 should have disciplined John Doe #1 prior to the incident based on his past disciplinary records for insubordination, and because he did not discipline John Doe #1, he failed to protect Plaintiff from John Doe #1's assault. However, § 1983 does not authorize *respondeat superior* or "supervisory liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (*citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Section 1983 creates liability only for a defendant's personal acts or decisions. *Id.* Thus, John Doe #5 cannot be held liable merely because he is John Doe #1's supervisor. Moreover, there are no allegations that John Doe #5 had advanced knowledge that John Doe #1 was going to sexually assault Plaintiff. Although Plaintiff alleges that John Doe #1 had a disciplinary record, he alleges that discipline was for insubordination, not assaulting inmates. Nothing in the Complaint suggests that John Doe #5 was aware of an impending assault by John Doe #1 and failed to stop it. Accordingly, Count 5 will be **DISMISSED without prejudice** for failure to state a claim.

### John Doe Defendants

Deanna Brookhart, the Warden of Lawrence Correctional Center, will be added to the docket (official capacity only) for the purpose of responding to discovery (informal or formal) aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motion

Along with his Complaint, Plaintiff filed a Motion to Request an Excuse from Being Held Liable for Late Filing (Doc. 2). The motion refers to filings he made in state court, specifically in Brown and Lawrence county courts. (*Id*. at p. 2). As the motion is unrelated to the filing of this case, it is **DENIED** as moot.

In his Motions for Counsel (Docs. 4 and 8), Plaintiff indicates that he has sent letters to several attorneys but they have declined to take his case. Plaintiff claims that he will need help with this case because he suffers from bi-polar disorder and schizophrenia. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Therefore, Plaintiff's Motions for Counsel (Docs. 4 and 8) are **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

**IT IS HEREBY ORDERED** that Count 1, Count 2, and Count 3 shall proceed against John Doe #1. Count 4 shall proceed against John Doe #2 and John Doe #4, but is **DISMISSED without prejudice** as to John Doe #5. Count 5 is also **DISMISSED without prejudice**. John Doe #3 and Joh Doe #6 are also **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate John Doe #3, John Doe #5, and John Doe #6 from the Court's Case Management/Electronic Case Filing ("CM/ECF") system. The Clerk is **DIRECTED** to add Deanna Brookhart (official capacity only) to the docket for purposes of identifying the John Doe Defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Deanna Brookhart (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Warden Brookhart need not respond to the allegations in the Complaint as she is only in the case for purposes of identifying the John Doe Defendants.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/12/2019**

*/s/ Staci M. Yandle*
**United States District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that

it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**