IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE DAUGHERTY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:19-cv-419-MAB |
| | ) |
| ANDREW GANGLOFF, | ) |
| ETHAN CLARY, and | ) |
| JOSHUA CRAWFORD, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S MOTION FOR SANCTIONS**

COMES NOW Plaintiff Terrance Daugherty, and for his Motion for Sanctions for Attorney's Fees and associated costs, states as follows:

1. On March 16, 2021, Plaintiff served Wexford Health Sources, Inc. ("Wexford") with a subpoena requesting shift rosters of its employees working on the days of September 13, 2017 and September 14, 2017 at Lawrence Correctional Center Health Care Unit. Specifically, the subpoena stated, "[i]f employee Nurse Curry is to have worked on either date, please provide her current contact information." *See Subpoena directed to Wexford dated March 16, 2021, attached hereto as Exhibit A.*

2. Wexford responded to the March 16, 2021 subpoena through its counsel, Cassiday Schade, LLP, stating that the subpoena requests, if disclosed, could present safety and security concerns due to Plaintiff's underlying case. Additionally, Wexford responded with, "[h]owever, it is our determination that your subpoena ultimately seeks information for a 'Nurse Curry.'" *See Wexford's response dated April 14, 2021, attached hereto as Exhibit B.*

3. Wexford then produced a redacted shift roster with two employees' names redacted in their entirety, indicated that none of the employees working September 13, 2017 and

September 14, 2017 were a "Nurse Curry" and that they had substantially complied with Plaintiff's request. *See Exhibit B.*

4. During their various meet and confer discussions, Counsel for Plaintiff agreed with Wexford's contention that Plaintiff sought exclusively to depose Nurse Curry, explaining her importance to Plaintiff's case and his desire to find her. Rather than simply stating that there was indeed a Nurse Curry who not only was, but currently still is a Wexford employee, Wexford improperly engaged in obfuscation of her existence asserting that there was no such person and even putting her name in quotes in its response letter to emphasize this fiction. After several conversations with Wexford's counsel in attempts to locate Nurse Curry and in her absence to create some identification means for Plaintiff, Plaintiff served a second subpoena on June 8, 2021 to Wexford for the production or allowance of inspection of photographs of employees working in the Health Care Unit at Lawrence Correctional Center on September 13, 2017 and September 14, 2017. *See Subpoena directed to Wexford dated June 8, 2021, attached hereto as Exhibit C.*

5. On June 22, 2021, Wexford's counsel sent an email in response and in objection to the subpoena served by Plaintiff. *See Wexford's counsel's email response dated June 22, 2021, attached hereto as Exhibit D.* Wexford's response alleged Plaintiff was engaging in a "fishing expedition", chastising Plaintiff and asserting that he could not "recall" the name of a nurse who witnessed the events (again insinuating that there was no Nurse Curry) which are the subject of this lawsuit. Wexford further asserted that Plaintiff had been incarcerated for a number of years and should have been able to determine the name of the witness, again insinuating that Plaintiff's recollection of a Nurse Curry was incorrect. Wexford further claimed that Plaintiff being able to remember a face, but not a name was "unsound" logic. *See Exhibit D.* Wexford did

not disclose the existence of Nurse Curry, refused to answer and did not produce the photographs or allow inspection of the photographs.

6. After multiple meet and confer sessions with Wexford's counsel in an attempt to not involve the Court to obtain compliance with the second subpoena, Plaintiff filed a Motion to Compel Compliance for Production of Photographs Directed to Nonparty Wexford. *See Plaintiff's Motion to Compel Compliance for Production of Photographs Directed to Nonparty Wexford Health Sources, Inc., attached hereto as Exhibit E.* Once the motion was filed, Wexford decided to respond to the Subpoena one week before the scheduled Court hearing by producing indecipherable photos of employees.

7. This Court held a hearing on Plaintiff's Motion to Compel on July 29, 2021 where argument was heard, Plaintiff's counsel explained his need and desire to find the one nurse his client believes witnessed the incident, and Wexford's counsel confirmed/admitted to knowing Plaintiff's counsel was looking for one particular nurse, Nurse Curry. *See p. 8 of transcript of motion to compel hearing, attached hereto as Exhibit F.* In addition to not being forthright with Plaintiff's counsel during meet and confer sessions, Wexford did not disclose to the Court that Nurse Curry existed during the hearing, despite telling the Court it knew Plaintiff was seeking Nurse Curry. ("And specifically on the subpoena, the first subpoena, I should say, Mr. Bozarth and his associate were looking for in particular a Nurse Curry. We took that to mean that in particular, perhaps Plaintiff thought that the nurse's name was Curry who may have witnessed this alleged event." (Ex. F. 8:4-8)). Instead of disclosing her existence before this Court and in discussions with Plaintiff, Wexford claimed full compliance and undue burden in an effort to avoid the motion to compel.

8.      After the hearing, Defendants' counsel, Areda Johnson, was able to obtain photographs of ID badges of Wexford employees and a viewing of the photos took place where Plaintiff identified two nurses he recognized from the Health Care Unit.

9.      A deposition was taken of Wexford employee Amy Deel-Hout on November 5, 2021 where it was finally revealed that Nurse Curry did in fact work at Lawrence Correctional Facility in 2017. Ms. Deel-Hout testified that she is familiar with Nurse Curry, who is a current Wexford employee and was working in 2017 as a PRN MHP at Lawrence Correctional Facility. *See Amy Deel-Hout's deposition transcript, pp. 16 – 17, attached hereto as Exhibit G.*

10.     Despite repeated requests for Nurse Curry's information and Wexford's knowledge of the need for Nurse Curry's testimony, it was only revealed that Nurse Curry did in fact work at Lawrence in 2017 and still does at Ms. Deel-Hout's deposition, approximately eight months after the March 16, 2021 subpoena was served on Wexford. Wexford's counsel has been repeatedly informed that Plaintiff is in search for Nurse Curry and Wexford's counsel did acknowledge that in its response to the March 16, 2021 subpoena and to this Court. *See Exhibits B & F.* Wexford's counsel continued to chastise Plaintiff that he could not "recall" the name of the nurse that allegedly witnessed the event.  However, it is clear that in fact Plaintiff did recall the name correctly and Nurse Curry does exist, but Wexford chose either to deliberately conceal or at the very least to not disclose that fact to this Court and during good faith meet and confer sessions for the past eight months.

11.     Because of Wexford's failure to disclose to Plaintiff or this Court that Nurse Curry existed, Plaintiff's counsel has spent eight months slogging through the obfuscation to only finally get to what was originally sought in March. The deposition of Whitney Curry is set for December 22, 2021.  The unnecessary burden the obfuscation put on Plaintiff included; the

second subpoena, two motions to compel (one filed, one not), countless phone and email meet and confer communications, multiple court hearings, multiple extension of scheduling order requests, a zoom photo lineup and a deposition of Ms. Deel-Hout. All the time and expense directly related to Wexford's lack of candor that was avoidable and should not have been incurred by Plaintiff (or Defendants for that matter). Rule 1 of the Federal Rules of Civil Procedure provide that the rules "should be construed, administered, and employed by the court and the parties to secure the *just, speedy, and inexpensive* determination of every action and proceeding." *Emphasis added.* Further the Local Rule 26.1(d) of this Court specifically states, "[c]ooperative discovery arrangements in the interest of *reducing delay and expense* are mandated." *Emphasis added.* Wexford has chosen to defy the purpose and spirit of the Federal Rules of Civil Procedure and Local Rules by engaging in deceptive behavior and causing Plaintiff's counsel to incur additional expenses in search of Nurse Curry who was available from the issuance of the March 16, 2021 subpoena. This defiance is especially egregious in this case, as Plaintiff's counsel is acting *pro bono,* at the request of the Court.

      For the reasons stated above, Plaintiff respectfully requests this Court issue sanctions against Wexford for Plaintiff's attorney's fees and associated costs related to the issued subpoenas and the entirety of the process obtaining information related to Nurse Curry.

                                                            HEPLERBROOM LLC

By:    */s/ Troy A. Bozarth*
        Troy A. Bozarth, No. 5209515
        tab@heplerbroom.com
        Attorney for Plaintiff
        P.O. Box 510
        130 North Main
        Edwardsville, IL 62025
        618-656-0184

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of December, 2021, a true copy of the foregoing document was served via electronic mail to counsel of record as follows:

Areda A. Johnson, areda.johnson@illinois.gov
*Attorneys for Defendants*

Ryan M. Campbell, rcampbell@cassiday.com
*Attorneys for Wexford Health Sources, Inc.*

                        HEPLERBROOM LLC

By: */s/ Troy A. Bozarth*
Troy A. Bozarth, No. 5209515
tab@heplerbroom.com
Attorney for Plaintiff
P.O. Box 510
130 North Main
Edwardsville, IL 62025
618-656-0184/618-656-1364 fax